Mitchell v City of New York (2025 NY Slip Op 05157)

Mitchell v City of New York

2025 NY Slip Op 05157

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 23232/20|Appeal No. 4733|Case No. 2024-03234|

[*1]Virgil Mitchell, Plaintiff-Respondent,
v
City Of New York, et al., Defendants-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Chase Henry Mechanick of counsel), for appellants.
Freund & Serra LLP, White Plains (Wesley M. Serra of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danzinger, J.), entered April 12, 2024, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing plaintiff's federal and state law causes of action for false arrest and malicious prosecution, unanimously modified, on the law, to dismiss the federal causes of action for false arrest and malicious prosecution, and otherwise affirmed, without costs.
Defendants failed to establish prima facie entitlement to dismissal of the state causes of action for false arrest and malicious prosecution, as the record presents issues of fact regarding whether defendants established probable cause for plaintiff's arrest (see Ashanti v City of New York, 225 AD3d 443, 445 [1st Dept 2024]; cf. De Lourdes Torres v Jones, 26 NY3d 742, 761 [2016]). The eyewitness who identified plaintiff at a photo array and lineup as the perpetrator of the shooting gave deposition testimony concerning exchanges between him and defendant Robert Licona, the New York City Police Department detective who administered the photo array and lineup, that raised questions as to the witness's level of certainty with respect to the identification and whether Licona made statements that reinforced the witness's equivocal identification. Furthermore, the ADA assigned to plaintiff's case testified at her deposition that had Licona told her of the witness's uncertainty as to the identification, which he did not do, she would have handled the matter differently and would not have presented the case, which depended largely on the eyewitness identification, to a grand jury before conducting further investigation.
We reject defendants' argument that the eyewitness's deposition testimony raised only a feigned issue of fact, as there are plausible alternative explanations for any disparity between the eyewitness's original version of the events at the lineup and his later deposition testimony on that topic. Nor did the court err in failing to preclude plaintiff's use of the testimony because of purported discovery violations cited by defendants, as plaintiff's conduct surrounding discovery, even assuming it was improper, did not cause prejudice to defendants warranting preclusion.
The parties agree that to the extent the order did not clearly dismiss the federal claims for false arrest and malicious prosecution, this Court should clarify that those claims are properly dismissed based on Monell v Department of Social Servs. of the City of New York (436 US 658 [1978]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025